[See Cases Nos. 16,677, 16,679.]

---

## Case No. 16,677.

### UNITED STATES v. WHITE.

[5 Cranch, C. C. 116.] [1]

Circuit Court, District of Columbia. March Term, 1837.

MISDEMEANORS—LIMITATION—FLEEING FROM JUSTICE—INSTRUCTIONS TO JURY—EVIDENCE UNDER GENERAL ISSUE.

1. The defendant, in a prosecution for a misdemeanor, is not entitled to the benefit of the limitation in the act of congress of the 30th of April, 1790, § 31 [1 Stat. 112], if within the two years he fled from justice, although he should within the two years have returned openly to the place where the offence was committed, so that, with ordinary diligence and due means, he might have been arrested.

2. If, within two years after the commission of the offence, the defendant left the district in which it was committed, with intent to avoid detection or punishment for that offence, he was a "person fleeing from justice," although he might at various other periods within the two years have been arrested in the United States.

[1] [Reported by Hon. William Cranch, Chief Judge.]

3. It is improper to give any instruction to the jury, after they have retired, upon any question not asked by the jury.

4. Upon trial of the general issue, the United States may give evidence to show that the defendant fled from justice, although that fact should not be averred in the indictment, and although it should appear upon the record that the offence was committed more than two years before the indictment was found.

This cause came on again for trial upon the venire de novo awarded at the last term. [Case No. 16,675.] The jurors, as called to the book, were sworn on the voir dire, and the chief justice put this question to each of them, namely: "Have you formed and delivered any opinion as to the guilt or innocence of the prisoner, Richard H. White, upon the indictment upon which he is now to be tried?" Twenty-nine were rejected upon their answer in the affirmative.

Brent & Brent, for defendant, contended that, as it appeared upon the face of the indictment and the record that the offence was committed more than two years before the finding of the indictment, the United States could not give evidence of the defendant's fleeing from justice, without an averment of that fact in the indictment, or by a special replication. Proof without allegation is not sufficient. Scott v. Lunt, 7 Pet. [32 U. S.] 607.

Upon this point, CRANCH, Chief Judge, delivered the following opinion: Mr. Brent, for the defendant, denies the right of the United States to give evidence to show that the defendant was a person fleeing from justice; because there is no allegation in the indictment that he was so fleeing; and it appears upon the record that the offence was committed more than two years before the indictment was found. On the 19th of December last, before the first jury was sworn in this cause, Mr. Brent moved the court to quash this indictment, for the same cause. THE COURT overruled the motion, because they thought it was competent for the attorney of the United States, upon the trial, to show that the offence was committed on a different day, or that the defendant was a person fleeing from justice, and the defendant might avail himself of the limitation, upon the trial, if he was entitled to its benefit. On the 19th of January last, Mr. Brent moved the court to arrest the judgment in U. S. v. White [Case No. 16,676], upon the same ground, namely, that it appeared upon the record that the offence was committed more than two years before the indictment was found; and the decision of this court in U. S. v. Watkins [Id. 16,649], upon the demurrer to the indictment, on the transaction with Hambleton, was cited, in which the demurrer was sustained upon the same ground. In giving the opinion of the majority of the judges upon that motion, in White's Case [supra], a distinction was tak-

en between the case, as it would have appeared upon a demurrer to the indictment, and as it appeared upon the motion in arrest of judgment; showing that upon a demurrer to the declaration, the judgment must be upon the record, as it then was; and upon a motion in arrest of judgment, after verdict, the judgment must be upon the whole record, as it then was. This court, in that case, said: "The court is bound to take notice that the defendant, upon the plea of 'not guilty,' had a right to avail himself of the plea of limitation of time, if he was entitled to it; and that the United States had a right to show that he was not entitled to its benefit;" and again this court said: "The parties had clearly a right, under the general issue, to litigate the question of limitation of time." And again this court said: "There can be no doubt that the United States, upon the issue of 'not guilty,' might have given evidence to show that the defendant was a person fleeing from justice." And again: "A defendant who is permitted to avail himself of the benefit of the statute of limitations, upon the general issue in a criminal cause, ought not thereby to be placed in a better condition than if he had pleaded it specially." "If he chooses to rely upon the statute, without pleading it, he must take it with all its burdens, and liable to all its provisos and exceptions." Upon the trial, the averment, in this indictment, that the offence was committed on the 30th of March, 1833, is only evidence of that fact, and relieves the defendant from the burden of proving it. If, instead of this admission of the fact, it had been proved by the defendant in any other manner, there can be no doubt that the United States might have rebutted it, by evidence that the defendant was a person fleeing from justice; the means by which the fact is proved, cannot deprive the United States of the right to rebut it. Upon the trial, the limitation is only a prima facie bar, which may be removed by showing a fleeing from justice; and upon the trial of the general issue, it is immaterial whether that prima facie bar is proved or admitted; it may, in either case, be rebutted by evidence of the fleeing from justice. If there had been a demurrer directly to the indictment, the demurrer must, according to the opinion and decision of this court in Watkins's Case have prevailed; but after the general issue joined (which admits evidence both of limitation and of fleeing), the record presents a very different aspect; the prima facie bar becomes a part of the issue to be tried; whereas, upon demurrer, it is an absolute bar; because, by demurrer, all replication is cut off, all further proceedings are stopped, and all further evidence excluded; whereas, upon the general issue, every matter of defence which the defendant may give in evidence may be rebutted by evidence on the part of the United States. In whatever way the defendant presents his defence of limitation, I think the United States have

a right to rebut it, if they can, by evidence of his fleeing from justice.

THRUSTON, Circuit Judge, concurred. MORSELL, Circuit Judge, dissented.

Brent & Brent then contended, that nothing but a continuous fleeing from justice during the two years, could deprive the defendant of the benefit of the limitation. The reason of the exception of persons fleeing from justice· was, that they thus prevented the United States from arresting them. This reason fails, if within the two years they might have been taken. The defendant's counsel also contended, that going from Washington to New York, openly and publicly, and there remaining at the defendant's usual residence, was not a fleeing from justice, for he might as well be arrested in New York as in Washington. U. S. v. Smith [Case No. 16,332].

Mr. Key, contra. There is no provision in the law for a return after fleeing. It is not analogous to the provisions of the statute of limitations in civil cases. It is a forfeiture of the privilege. The limitation can begin to run only from the commission· of the offence, not from the return. The words of the act are: "Provided, that nothing herein contained shall extend to any person or persons fleeing from justice." When fleeing? Not at the date of the statute; not at the time of the arrest of the offender; not at the time of finding the indictment; not merely while he was fleeing. Having once fled, he is a person fleeing from justice, and therefore he cannot claim the benefit of the limitation; he has lost it forever. If, in any case, a return would restore the benefit, it must be a surrender of himself into the hands of justice. Dwar. St. 743; 9 Law Lib. 743.

The judges (THRUSTON, Circuit Judge, absent) could not agree to give the instruction which they had before given at the last term, upon the prayer of the defendant's counsel, respecting the fleeing from justice, and the return to the district, &c. [Case No. 16,675.]

Mr. Key then prayed the court to instruct the jury, that if they should believe, from the evidence, "that the prisoner committed the offence charged in the indictment, and, within two years thereafter, fled from this district, with the intent to avoid detection or punishment for the offence, then the indictment's not being found within two years after the offence was committed, is no defence to the prisoner."

It being known that THRUSTON, Circuit Judge (who was absent), was of that opinion, it was agreed by the counsel that if the Chief Justice should be of that opinion also, the instruction should be given, MORSELL, Circuit Judge, dissenting; and it was so given; CRANCH, Chief Judge, observing that the original instruction upon this point, which was given on· the trial, at the last

term, was not drawn up by him, and he was never entirely· satisfied with it; but he had agreed to that part of it which admitted a return, after flight, to entitle the prisoner to the benefit of the limitation, from the time of the return. He had, however, been satisfied by the argument, last evening, that the prisoner, if he fled, forfeited the benefit of the limitation, or rather, was not protected by the limitation. He considered it as analogous to flight in felony, &c., which forfeited the goods and chattels of the offender. If he fled, he must have been "a person fleeing," and therefore not within the protection of the act. See St. 7, Wm. III. c. 3, § 5; Fost. Cr. Law, 272; 2 Hawk. P. C. c. 49, § 14; and Jac. Dict. tit. "Fugam Fecit."

The· jury having been out all Friday night, and until four o'clock, p. m., on Saturday, the 29th of April, sent the following question to the court: "Must the jury infer a 'fugitive,' provided that they believe that the ·prisoner left this district with intent to avoid detection or punishment for the offence, but could, at various other periods, within two years, have been arrested in the United States?"

To which THE COURT answered as follows:—If the jury should be satisfied by the evidence, that the defendant within two years after the commission of the offence charged in the indictment, left this district with intent to avoid detection or punishment for that offence, he was a person fleeing from justice, although they should be also satisfied by the evidence, that he might at vari-· ous other periods, within the two years, have been arrested in the United States.

W. L. Brent, for defendant, requested the court to add an instruction, that the circumstances of the defendant's appearing publicly in the United States, and actually coming to Washington, within the two years, were proper considerations for the jury, in forming their opinion of the intent with which the defendant left the district..

But THE COURT (nem. con.) refused; because they thought it improper to give the jury, after they had retired, instruction upon any question not asked by the jury.

The jury could not agree, and were discharged by consent. The defendant had leave to withdraw his plea, and file a general demurrer to the indictment.